**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL JONES III,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　　Agency. | DOCKET NUMBER<br>DE-3330-12-0399-I-2<br><br><br>DATE: September 11, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones III</u>, Albuquerque, New Mexico, pro se.

<u>Marie T. Ransley</u>, Esquire, and <u>Murray Kampf</u>, Atlanta, Georgia, for the
　　agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In March 2012, the agency issued concurrent competitive and merit promotion vacancy announcements for a GS-12/13 Public Health Analyst (PHA) position in the Division of Health and Nutrition Examination Surveys (DHANES) at the National Center for Health Statistics (NCHS), a component of the agency's Centers for Disease Control and Prevention located in Hyattsville, Maryland.  *See* MSPB Docket No. DE-3330-12-0399-I-1, Initial Appeal File (I-1 IAF), Tab 9 at 68-72, 74-78.  The appellant, a preference-eligible veteran, applied for the position under the competitive vacancy announcement HHS-CDC-DE-12-618099 (Announcement 099).[2]  *Id.* at 4-12, 64-66.  An agency Human Resources employee reviewed the applications for the PHA position and determined that the appellant was qualified for the position at the GS-12 level but not at the GS-13

---

[2] The announcement number for the merit promotion vacancy announcement was HHS-CDC-MP-12-618062 (Announcement 062).  I-1 IAF, Tab 9 at 68.

level. *Id.* at 43-44, 62. Certificates of eligible candidates were generated for each announcement and forwarded to the selecting official, the DHANES Deputy Director L.B.[3] *Id.* at 26-29, 31-41. Ms. L.B. asked a screening panel comprised of DHANES Director C.J. and P.M., Director of the NCHS Research Data Center, to evaluate the "approximately 40 application packages of all candidates determined qualified [for the PHA position at the GS-12 and/or GS-13 level] by the Office of Human Resources." I-1 IAF, Tab 8 at 21, Tab 9 at 23. Specifically, Mr. C.J. and Mr. P.M., acting independently, were to assign each of these candidates a rating from zero to three in the categories of budget, outreach and interpersonal relationships, and writing. I-1 IAF, Tab 9 at 23. The panel was then to determine which candidates were best qualified based on those rankings and recommend which candidates should be interviewed. *Id.*

¶3        Mr. C.J. and Mr. P.M. each awarded the appellant a total of five points (one for budget, three for outreach, and one for writing). I-1 IAF, Tab 8 at 68, Tab 9 at 4, 13.[4] Four applicants, all of whom were on the noncompetitive candidate referral list for the GS-13 level, received scores of six points or higher from both members of the panel. I-1 IAF, Tab 8 at 61-62, 68-69, Tab 9 at 36-37. The screening panel forwarded the applications of those four individuals to Ms. L.B.

---

[3] Two certificates of eligibles were generated for Announcement 099 (one each for the GS-12 and the GS-13 level), I-1 IAF, Tab 9 at 26-29, and two merit promotion certificates of eligibles were generated under Announcement 062 (one each for the GS-12 and the GS-13 level), *id.* at 31-35. Three other lists of candidates for the PHA position also were generated under Announcement 062: two noncompetitive candidate referral lists (one each for the GS-12 and the GS-13 level), which consisted of the names of individuals who indicated they were eligible for a noncompetitive appointment to the PHA position; and a "non-traditional certificate of eligibles." *Id.* at 36-41.

[4] Although Mr. C.J.'s notation on the appellant's résumé indicate that he awarded the appellant a score of two in the category of outreach, and the score he awarded the appellant for writing is not visible in his notations, I-1 IAF, Tab 9 at 13, Mr. P.M. clarified in his hearing testimony that Mr. C.J. awarded the appellant a score of one for budget and three for outreach, *see* MSPB Docket No. DE-3330-12-0399-I-2, Initial Appeal File (I-2 IAF), Tab 32, Initial Decision (ID) at 3 (citing Mr. P.M.'s hearing testimony).

for further consideration, and she selected one of those applicants for the PHA position. I-1 IAF, Tab 8 at 21.

¶4  After exhausting his administrative remedies with the Department of Labor, the appellant filed this appeal and requested a hearing. I-1 IAF, Tab 1 at 2, 9. The appellant alleged that the agency violated his veterans' preference rights by failing to properly consider his military and other experience in evaluating his qualifications for the purpose of referring candidates for the PHA position to Ms. L.B. for selection. I-2 IAF, Tab 4 at 6-7. In particular, he asserted that the screening panel did not properly consider his "almost 40 years of experience with budgets . . . as well as his extensive writing experience." *Id.* at 11. He also contended that he was entitled to priority consideration in the selection process for the PHA position because he had been erroneously classified as a nonveteran during a previous selection process for another position with the agency. *Id.* at 13-14. In addition, he claimed that he is entitled to liquidated damages because the agency engaged in willful misconduct in violating his veterans' preference rights. I-1 IAF, Tab 1 at 8; I-2 IAF, Tab 4 at 14-15.

¶5  After holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA. ID at 2, 10. The administrative judge found that the screening panel properly considered the appellant's experience in selecting the candidates to refer to Ms. L.B. ID at 6-9. The administrative judge further found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA position. ID at 9-10. Lastly, the administrative judge found that, because the appellant did not show that the agency violated his veterans' preference rights, he was not entitled to liquidated damages. ID at 10.

¶6  The appellant has filed a petition for review, the agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3, 5.

**ANALYSIS**

<u>The administrative judge correctly found that the agency properly considered the</u>
<u>appellant's experience in selecting the candidates to refer to the selecting official.</u>

¶7        On review, the appellant reasserts his argument from below that the screening panel improperly failed to consider his experience in determining which candidates to refer to Ms. L.B. for interviews.  PFR File, Tab 1 at 26-27; I-2 IAF, Tab 4 at 6-7.  In particular, he asserts that his rating in the areas of "budgeting" and "writing" should have been higher than one because he has "over 30 years' high quality professional experience in both categories."  PFR File, Tab 1 at 26-27.

¶8        Under 5 C.F.R. § 302.302(d), when experience is a factor in determining eligibility, an agency shall credit a preference-eligible as follows:

> (1) with time spent in the military service of the United States if the position for which he/she is applying is similar to the position which he/she held immediately before his/her entrance into the military service; and (2) with all valuable experience, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefore.

¶9        In this case, the screening panel received explicit guidance for assigning scores to applicants when rating their experience in the areas of budget, outreach and interpersonal relationships, and writing.  Specifically, in the category of writing, the panel members were instructed to award applicants one point for each of the following areas in which they had experience:  (1) writing responses to inquiries from the public, collaborators, or agency and congressional officials; (2) writing interagency agreements, memoranda of understanding, contracts, or other documents; and (3) preparing directives, memoranda, or policy statements.  I-1 IAF, Tab 9 at 23.  In the budget category, the panelists were instructed to award applicants three points for budget experience that included interagency agreements, two points for budget experience that included contracts or grants,

and one point for limited budget experience that did not include either of the aforementioned areas.[5] *Id.*

¶10     In his hearing testimony, as summarized in the initial decision, Mr. P.M. offered three reasons for awarding only one point for the appellant's budget experience:  (1) his military experience was as a medical corpsman treating soldiers in a combat situation in Vietnam and did not involve budgeting responsibilities; (2) his private sector experience did not include  budget experience with interagency agreements or the type of contracts or grants administered by the DHANES, which involve reimbursable budgeting in the area of public health surveys; and (3) although his résumé revealed a strong grasp of statistics, a background in statistics was not required for the PHA  position. *See* ID at 7-9.

¶11     As for the appellant's writing experience, Mr. P.M. explained that he afforded the appellant only one point for that category because the appellant's résumé only showed experience preparing directives, memoranda, or policy statements and did not show experience involving either writing:  (1) responses to inquiries from the public, collaborators, or agency and congressional officials; or (2) interagency agreements, memoranda of understanding, contracts, or other documents in responding to congress or department or interagency agreements. *See* ID at 9 (citing Mr. P.M.'s hearing testimony).

¶12     The administrative judge found that Mr. P.M.'s testimony shows that the agency complied with 5 C.F.R. § 302.302(d) by properly considering all of the appellant's "valuable experience" in selecting the candidates to refer to Ms. L.B. ID at 9.  We agree.  It is clear from Mr. P.M.'s testimony that, in evaluating the appellant's qualifications for the PHA position, the agency considered his

---

[5] We do not address the third category in which applicants were rated, i.e., outreach and interpersonal relationships, because each panelist awarded the appellant the maximum score of three for this category.  I-1 IAF, Tab 9 at 4, 13; *see* ID at 7 n.4 (citing Mr. P.M.'s hearing testimony).

experience, including his military experience,[6] and properly applied the relevant scoring criteria in awarding the appellant a score of one in the areas of budget and writing experience.  Specifically, the screening panel correctly determined that the appellant was entitled to a score of one in the area of budget experience because his:  (1) military experience did not involve budgeting responsibilities; and (2) private sector experience did not include budget experience with interagency agreements or the type of contracts or grants administered by the DHANES.  *See* ID at 7-8 (citing Mr. P.M.'s hearing testimony).  The screening panel also properly awarded the appellant a score of one in the area of writing experience because his résumé showed only experience preparing directives, memoranda, or policy statements.  *See* ID at 9 (citing Mr. P.M.'s hearing testimony).  Thus, we discern no reason to disturb the administrative judge's finding that the agency did not violate the appellant's veterans' preference rights in determining which candidates to refer to Ms. L.B. for selection.  *See* ID at 7, 9.

<u>The administrative judge properly found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA position.</u>

¶13     On review, the appellant also reasserts his argument that the agency's internal regulations required the agency to afford him priority consideration in the selection process for the PHA position.  PFR File, Tab 1 at 28; I-2 IAF, Tab 4 at 13-14; *see* I-2 IAF, Tab 11 at 7 (stating that priority consideration is a special placement priority that is given to an eligible who was previously denied consideration due to an administrative error or a law or regulatory violation).  The appellant asserts on review, as he did below, that the agency was required to afford him priority consideration for the PHA position at issue in this appeal because the Board found in one of his prior appeals that the agency had failed to afford him veterans' preference in the rating process for a Public Health Advisor

---

[6] As the administrative judge noted, the appellant did not assert that Mr. C.J. and Mr. P.M. failed to properly credit any experience he gained in religious, civic, welfare, service, and organizational activities.  ID at 7 n.5.

position in Kazakhstan. I-2 IAF, Tab 4 at 13-14; *see Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 12-13 (2013) (finding that the agency violated the appellant's veterans' preference rights by erroneously identifying him as a "non-veteran" on the applicant listing report for the Public Health Advisor position), *aff'd*, 544 F. App'x 976 (2014).

¶14        As the administrative judge explained, however, in the earlier *Jones* case, the Board also found that the appellant did not suffer any harm as a result of the agency's failure to afford the appellant's veterans' preference because the agency did not select anyone to fill that position under either the competitive vacancy announcement by which the appellant applied for the position or a concurrent merit promotion announcement. *See* ID at 9; *Jones*, 119 M.S.P.R. 355, ¶ 14. In addition, the Board found that, even if the agency had made a selection for the Kazakhstan vacancy under either announcement, the appellant would not have been selected for the position because the only applicants under the competitive announcement whose names appeared on the certificate of eligibles for that announcement were rated Best Qualified on the applicant listing report for that announcement and the appellant was not rated Best Qualified on that report. *Jones*, 119 M.S.P.R. 355, ¶ 15.

¶15        In light of the Board's finding that the appellant would not have been selected for the Kazakhstan vacancy even absent the agency's failure to afford him veterans' preference in the rating process for that vacancy, the appellant was not entitled to priority consideration in the selection process for the position at issue in this appeal. Therefore, the administrative judge correctly found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA position at issue in this appeal. ID at 9-10.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.