# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LATONYA S. MICKENS,

     Appellant,

     v.

DEPARTMENT OF
   TRANSPORTATION,

     Agency.

DOCKET NUMBER
CH-0752-14-0094-I-1

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>LaTonya S. Mickens</u>, Chicago, Illinois, pro se.

<u>Elizabeth S. Martineau</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant worked for the agency as an Administrative Program Assistant. Initial Appeal File (IAF), Tab 4, Subtab 4C, Exhibit F(10)(b). In 2012, the agency proposed to remove her based upon one charge of "misuse of your government travel card for personal expenses or purchases unauthorized or not related to official business." *Id*., Exhibit F(7)(a). The appellant had previously been suspended for 14 days for the same offense in 2002. *Id*., Exhibit F(7)(e). In response to the proposed removal, the appellant admitted to the charged misconduct, but alleged, inter alia, that she should not be removed because other employees did not pay the balance of their government travel cards and because she had family issues. *Id*., Exhibit F(9). The deciding official removed the appellant. *Id*., Exhibit F(10)(a).

¶3      The appellant filed an equal employment opportunity (EEO) complaint alleging discrimination based on her race and age. *Id*., Exhibit A(1). She appealed her removal to the Board when the agency failed to issue a final agency decision within 120 days. IAF, Tab 1; *see* 5 C.F.R. § 1201.154(b)(2). The

agency subsequently issued its final agency decision finding no discrimination. IAF, Tab 4, Subtab 4A. On appeal, the appellant alleged discrimination and disparate penalties and argued that the penalty was not within the tolerable bounds of reasonableness. IAF, Tab 1. At the hearing, the appellant withdrew her discrimination claims. Hearing Transcript (HT) at 5. After holding a hearing, the administrative judge upheld the penalty of removal, finding that the appellant was not subjected to a disparate penalty. IAF, Tab 39, Initial Decision (ID).

¶4 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. In her petition, she argues that she was not provided certain information concerning alleged comparators, that the administrative judge did not fully address some of her alleged comparators, and that the agency should have provided her additional information about alleged comparators. *Id*. at 3-4. The appellant also argues that, because she was not provided certain information until after the hearing, she was unable to properly cross-examine the proposing official. *Id*. The appellant asserts that she would have called an additional witness had she been provided with the information prior to the hearing. *Id*. The agency responds in opposition to the petition. PFR File, Tab 3. In her reply, the appellant continues to assert that she was subjected to a disparate penalty, argues that she has new evidence regarding alleged comparators, and appears to challenge the agency's inclusion of her late payment history in the proposed removal. PFR File, Tab 4 at 2-4.

¶5 The Clerk of the Board issued a show cause order instructing the agency to account for a discrepancy between two different versions of its table of penalties that were in the record. PFR File, Tab 5. In response, the agency submitted an affidavit from a senior labor and employee relations specialist who stated that he accidentally provided an out of date table of penalties to the EEO investigator, and that the deciding official only considered the newer version of the table of penalties contained in the record. PFR File, Tab 7 at 4-5. The appellant replied, arguing that the agency has been unclear about which table it used concerning

this and prior discipline, and that the information she received in response to a Freedom of Information Act (FOIA) request after she filed her petition shows that other agency employees misused their government travel card multiple times but never received any disciplinary action. PFR File, Tab 8 at 2-3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency considered the relevant *Douglas* factors and that the penalty of removal was within the tolerable limits of reasonableness.

¶6        When taking an adverse action against an employee, an agency must establish the following: (1) the charged conduct occurred; (2) a nexus exists between the conduct and the efficiency of the service; and (3) the particular penalty imposed is reasonable. *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 16 (2005). In this case, however, the appellant only challenges the agency's imposed penalty. PFR File, Tab 1 at 3-4. Where, as here, all the agency's charges have been sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness.[2] *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010).

¶7        Based upon our review, we find that the administrative judge properly sustained the penalty. *See* ID. At the hearing, the deciding official testified concerning the aggravating and mitigating factors she considered in her decision to remove the appellant. HT at 132-44; IAF, Tab 4, Subtab 4C, Exhibit F(10)(a). In particular, she considered that the agency's table of penalties established the range of penalties from a letter of reprimand to removal for a first offense and a 7-day suspension to removal for a second offense of misuse of a travel card. HT

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

at 138; *see* IAF, Tab 15 at 10. We also give weight to the senior labor and employee relations specialist's statement that the deciding official considered the newer version of the table of penalties contained in the record. PFR File, Tab 7 at 5. Although the appellant has challenged whether the agency used the proper version of the table of penalties regarding prior discipline, this argument is not persuasive because she has not cited discipline that was imposed with citations that correspond to the outdated table. PFR File, Tab 8 at 1-3; *see* IAF, Tab 15 at 10. We therefore find that the deciding official properly considered the updated table of penalties.

¶8 The deciding official testified concerning several aggravating factors weighing in favor of removal as opposed to suspension, including her concern that the appellant's conduct was a violation of public trust in that she misused public funds, that the nature of the appellant's position involved responsibility for a significant amount of money, and that she lost confidence in the appellant's ability to perform her position. HT at 136-38; IAF, Tab 4, Subtab 4C, Exhibit F(10a). The deciding official also considered that the appellant did not fully accept responsibility for her misuse of the credit card and that she did not appear to show remorse. HT at 132-33. She additionally considered that other employees knew about the appellant's misuse based upon her discussions with them and that misuse of a government travel card is damaging to the government's reputation with vendors. HT at 141-42, 144. We find that the deciding official properly considered these aggravating factors.

¶9 We also find that the deciding official properly considered the appellant's prior misconduct from 2002 as an aggravating factor, because there is no agency prohibition against considering this misconduct. On review, the appellant has not identified any law, rule, regulation, or policy that would preclude consideration of the prior suspension. Thus, the appellant has shown no error in consideration of this prior offense. *McGrath v. Department of the Navy*, 4 M.S.P.R. 500, 505 (1981) (finding that the appellant introduced no evidence, and cited no rule or

regulation, supporting his claim that prior disciplinary actions had "expired"); *cf. Lewis v. Department of the Air Force*, 51 M.S.P.R. 475, 485 (1991) (the Board will discount a prior action when a law, rule, or regulation prohibits the consideration of such actions after a period of time). The deciding official testified that the prior discipline, which involved the same charged conduct, showed that the appellant was put on notice that further action could result in discipline. HT at 137. We therefore also find that the deciding official reasonably considered the appellant's prior discipline as notice concerning the charged misconduct.[3] *Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 25 (2007) (prior disciplinary action may also be considered as notice that the appellant had been warned about the type of misconduct involved).

¶10    As mitigating factors, the deciding official reasonably considered the appellant's nearly 20 years of service and the fact that she was experiencing family issues for which she had been proactive in taking advantage of available agency services. HT at 137. However, despite her consideration of alternative sanctions, HT at 144, the deciding official concluded that removal was the appropriate penalty. IAF, Tab 4, Subtab 4C, Exhibit F(10)(a).

¶11    The appellant appears to argue that the deciding official should not have considered her prior late payments on her government travel card in deciding to remove her. PFR File, Tab 4 at 3. The proposing official stated in her proposal letter that the appellant's misuse of the credit card was "not an isolated incident" because she had been counseled for late payment and had previously been suspended for credit card misuse in 2002. IAF, Tab 4, Subtab 4C, Exhibit F(7)(a). The deciding official testified that she did not consider the appellant's prior late payments as a prior offense, but instead considered them to help "frame the picture" in considering the *Douglas* factors. HT at 172-74. The deciding

---

[3] According to the agency's table of penalties, the appellant could be removed for misuse of a government travel card for a first offense (with the prior offense serving simply as notice) or for a second offense. IAF, Tab 10 at 15.

official stated that, however, if the appellant had not been counseled for late payments, she still would have removed the appellant. HT at 174.

¶12     We find that, to the extent that the agency considered the appellant's prior late payments, this consideration was not improper. It is clear from the agency's table of penalties that the letter of counseling for late payments constituted discipline. IAF, Tab 15 at 10. Because the appellant does not challenge the validity of this discipline or that she made the late payments, we must find only that the discipline is verified. *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 34 (2007). Therefore, we find that, to the extent that this discipline was considered, it was not improper. *Lovenduski v. Department of the Army*, 64 M.S.P.R. 612, 615 (1994) (the agency was entitled to consider repeated counselings of the appellant in determining the proper penalty). We see no reason to disturb the administrative judge's finding upholding the penalty because the deciding official considered all of the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness. *Woebcke*, 114 M.S.P.R. 100, ¶ 7.

The appellant has not established that she was subjected to a disparate penalty.

¶13     To establish that she was subjected to a disparate penalty, the appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010). These factors can include proof that the proffered comparator was in the same work unit, with the same supervisor, and was subjected to the same standards governing discipline. *Id*., ¶ 6. However, the Board does not have hard and fast rules regarding the outcome determinative nature of these factors. *Id*., ¶ 15. If the appellant makes this showing, the agency then must prove a legitimate reason for the difference in

treatment by a preponderance of the evidence before the penalty can be upheld.[4] *Id.*, ¶ 6.

¶14     Within the appellant's regional office, the agency proposed removal of the only other employee, S.P., who was charged with misuse of a travel card.[5] *See* IAF, Tab 10, Subtab 8.  The appellant has therefore not established disparate penalties to S.P., given that they received the same penalty.

¶15     The appellant points to two employees within her regional office, F.P. and K.B., arguing that they misused their travel cards and were not disciplined.  PFR File, Tab 1 at 4.  As to K.B., we agree with the administrative judge's finding that she is not a proper comparator because her misuse was inadvertent whereas the appellant's misuse was intentional.  ID at 6-8.  As to F.P., we agree with the administrative judge that she is not a proper comparator because it is unclear whether she had any improper charges; she was unavailable to explain certain charges that appear to have been improper as she is no longer employed with the agency.  ID at 8.  The appellant also has identified J.T. as another alleged comparator and states that she has evidence of many other employees who have misused their government travel cards.  HT at 178; PFR File, Tab 4 at 4.  Regardless of any discovered misconduct, however, a disparate penalty analysis focuses on *charged* conduct and a deciding official is not required to consider all conduct that could have been charged.  *See Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 19 (2014) (finding that when conducting a disparate penalty analysis, the deciding official is not required to consider the

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

[5] S.P. was not ultimately removed because the agency and S.P. entered into a settlement agreement allowing S.P. to voluntarily resign as opposed to being removed.  IAF, Tab 10, Subtab 9.  The appellant has not alleged that the agency unlawfully discriminated in its settlement practice, and thus the agency is not required to justify its settlement with S.P. in response to the appellant's disparate penalty claim.  *See Hulett v. Navy*, 120 M.S.P.R. 54, ¶ 7 (2013).

universe of conduct of other employees under investigation that was both charged and could have been charged). These employees were not charged with misconduct, and therefore they are not appropriate comparators.[6]

¶16    Below, the appellant specified alleged comparators throughout the agency who were delinquent on payments and argues that she was treated more harshly than them. IAF, Tab 36; *see* PFR File, Tab 1, Tab 4. The appellant, though, appears to confuse the difference between untimely payment and misuse of the travel card. It is clear from the agency's table of penalties that these are two different charges. IAF, Tab 15 at 10. Additionally, the senior labor and employee relations specialist testified as to the difference between the two charges. HT at 187. Accordingly, we find that the appellant was not similarly situated to employees charged with untimely payment and these employees are therefore not proper comparators. *See Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 22 (2012) (finding that the appellant was not similarly situated to an alleged comparator where the comparator had not engaged in similar conduct with respect to all three charges).

¶17    Concerning the remaining alleged comparators, we find that the agency has proven a legitimate reason for the harsher penalty of removal imposed on the appellant, because, unlike the alleged comparators, the appellant had a record of prior discipline for the same misconduct. *See Lewis*, 113 M.S.P.R. 657, ¶¶ 16-17 (finding that, when the alleged comparator and the appellant are similar situated, the agency must demonstrate a legitimate basis for the different treatment in order to meet its burden of proof regarding the reasonableness of the penalty). Throughout the agency, from January 2002 to March 2013, seven employees were

---

[6] Although the appellant argues that the administrative judge erred by not fully addressing each of her alleged comparators, we find that this argument is not persuasive because an administrative judge's failure to mention all evidence of record in the initial decision does not mean that she did not consider it. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985).

disciplined for travel card misuse. IAF, Tab 23. Only one employee was removed and one employee was terminated during probation. *Id*. The senior labor and employee relations specialist testified that, although he searched agency records from 2003 to March 2013, the appellant was the only agency employee who had a second charge of misuse of a government travel card. HT at 191. Based upon this information, we find that the agency has proven a legitimate reason for the difference in treatment.[7] Accordingly, we find that the appellant has not established that she was subjected to a disparate penalty and that the administrative judge properly sustained the penalty of removal. *Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 23 (2005) (finding that the appellant failed to establish disparate penalties and that the penalty of removal was appropriate where there were no comparable employees possessing a similar prior disciplinary record who received a lesser penalty for similar misconduct).

The appellant's remaining arguments do not provide a basis for reversing the initial decision.

¶18     The appellant alleges that she was denied discovery and, in particular, that she needs additional information concerning possible comparators. PFR File, Tab 1 at 3. The Board will not reverse an administrative judge's rulings on discovery matters absent a finding that the administrative judge abused her discretion. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014). To find that the administrative judge abused her discretion regarding a discovery ruling, the ruling must have prejudiced the appellant's substantive rights. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 18, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013). The appellant has not shown how the administrative judge abused her

---

[7] To the extent that the administrative judge erred by excluding alleged comparators based upon their lack of prior charges as opposed to considering this lack of prior discipline with respect to the agency's legitimate reason for imposing a greater penalty, we find that any such error is harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

discretion during the discovery process or how the discovery rulings prejudiced her substantive rights, and we therefore do not disturb the discovery rulings.

¶19     The appellant also presents arguments concerning her inability to cross-examine the proposing official about K.B., an alleged comparator, because an affidavit was submitted after the hearing that contained new information about K.B.  PFR File, Tab 1 at 3-5.  The record reflects that the appellant did, however, cross-examine the proposing official concerning K.B.  HT at 106-08.  Therefore, it is unclear how the appellant was prejudiced.  Additionally, the appellant chose not to interview K.B. or call her as a witness, despite having knowledge of her possible travel card misuse.  We therefore see no reason to find that the administrative judge abused her discretion because the appellant has not identified how the administrative judge's procedural rulings prejudiced her substantive rights.  *Jones*, 119 M.S.P.R. 355, ¶ 18.

¶20     Next, the appellant presents arguments regarding a FOIA request she made concerning all of the agency's credit card data, appearing to argue that this evidence should be considered.  PFR File, Tab 8 at 2-3.  The Board has held that the discovery process, and not FOIA, is the proper method for obtaining information in Board appeals.  *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 6 (2014).  Consequently, information that could have been obtained through the discovery process, but was instead obtained through a FOIA request, will not be considered new and material evidence.  *Id*.  Although the appellant states that this evidence is now available, PFR File, Tab 8 at 2-3, she has not submitted it.  Furthermore, this evidence appears to relate to uncharged misconduct and a deciding official is not required to consider misconduct that was not charged.  *See Chavez*, 121 M.S.P.R. 168, ¶ 19.  Therefore, although we do not consider this evidence, even if we had considered it, the evidence would not affect our decision.

¶21     The appellant also argues that the administrative judge did not address all of the evidence that she submitted.  PFR File, Tab 1 at 4.  However, we find no error

because the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques*, 22 M.S.P.R. at 132.

¶22 Finally, we find no reversible error as to the appellant's challenge to the status conference order. *See* PFR File, Tab 4 at 1. The appellant requested that the administrative judge amend the description of her discovery request in the order to substitute the word "all" for "any" where the order described the request as pertaining to "any employee in any office of the agency." IAF, Tab 27. We find no reversible error because the appellant has failed to show that her requested change in language in the order would have affected her substantive rights. *See Panter*, 22 M.S.P.R. at 282.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.