# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
                Appellant,

        v.

DEPARTMENT OF HEALTH AND
     HUMAN SERVICES,
                Agency.

DOCKET NUMBER
DE-3330-14-0552-I-1

DATE: April 28, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Christina Patton Black</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In this appeal, the appellant alleged that the agency violated his veterans' preference rights when it failed to select him for vacancy announcement number HHS-SAMHSA-DE-14-1138721, Public Health Advisor, GS 11/13, which the agency issued under its delegated authority as open to all United States citizens. Initial Appeal File (IAF), Tab 1; *see* IAF, Tab 8 at 56-63. The agency concurrently issued another vacancy announcement for the same position under merit promotion procedures. IAF, Tab 8 at 56. The appellant did not apply for the merit promotion vacancy announcement and the record reflects that the agency ultimately made no selection under either vacancy announcement. IAF, Tab 18 at 11, Tab 21, Initial Decision (ID) at 2. Because the unrebutted record indicated that the agency made no selection at all for the position, the administrative judge denied the appellant's request for corrective action under VEOA.[2] ID at 5.

---

[2] The administrative judge found that the appellant had filed a timely complaint with the Department of Labor in order to exhaust his administrative remedy and had established jurisdiction over his appeal. ID at 3; *see* IAF, Tab 1 at 8.

¶3 In his timely-filed petition for review, the appellant makes wide-ranging arguments criticizing the Board's decision to forego a hearing on some of his previous VEOA nonselection claims. Petition for Review (PFR) File, Tab 1 at 4-13. He argues that the administrative judge was biased against him. *Id.* at 13-17. The appellant also challenges the administrative judge's decision not to grant his request for a hearing in this matter and to instead decide the appeal on the written record. *Id.* at 17-24. The agency responds in opposition. PFR File, Tab 3.

¶4 In pertinent part, to be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). There is no harm, and therefore no VEOA violation, when an agency, like here, decides not to fill a particular vacancy. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 14 (2013), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2014); *cf.*, *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002) (the agency is not required to fill a particular vacancy and does not violate an applicant's veterans' preference rights when it chooses not to make a selection). Moreover, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Because, as noted above, the unrebutted record reflects that the agency did not fill the position at issue, ID at 4; *see* IAF Tab 18 at 11, we agree with the administrative judge that there is no genuine issue of material fact and find that the administrative judge properly denied the appellant's request for corrective action on the written record.

¶5 Regarding the appellant's claim that the administrative judge was biased against him, in making such a claim, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Further, an

administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶6        The appellant filed a motion to disqualify the administrative judge, and also sought to certify an interlocutory appeal on the issue, explicitly explaining in both submissions why he feels that the administrative judge was biased against him.  IAF, Tabs 3, 6.  The appellant concedes on review that the administrative judge denied his motion to disqualify.[3]  PFR File, Tab 1 at 17.  As for the appellant's argument that the administrative judge was biased against him, we find that the appellant's arguments do not show that the administrative judge's actions in this matter evidence the sort of deep-seated favoritism or antagonism that would require recusal, and are insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.

¶7        The appellant alleges on review that the administrative judge failed to address his request for the certification of an interlocutory appeal on the issue of recusal.  PFR File, Tab 1 at 17.  Review of the record reveals that the appellant used 4 different appeal numbers in the caption of his certification motion, including the number for this appeal, *see* IAF, Tab 3 at 1, and that the administrative judge addressed the appellant's motion in one of the other appeals listed in the caption, *Jones v. Department of Health & Human Services*, MSPB

---

[3] The administrative judge's decision on the appellant's motion to disqualify is part of the file in another of the appellant's appeals, *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-14-0551-I-1, IAF, Tab 12, which the administrative judge joined with the instant matter, IAF, Tab 10.  However, because the appellant failed to establish in that matter that he had exhausted his remedies before the Department of Labor, the administrative judge subsequently dissolved the joinder and dismissed that appeal for lack of jurisdiction in a separate initial decision.  *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-14-0551-I-1, Initial Decision (Oct. 21, 2014).

Docket No. DE-3330-14-0236-I-1 (0236), IAF, Tab 26. He denied the certification motion because it merely reargued the appellant's motion to disqualify the administrative judge and was "devoid of any evidence or argument addressing the requirements of 5 C.F.R. § 1201.92 for certification of an interlocutory appeal." 0236, IAF, Tab 26 at 2. Under the Board's regulations, interlocutory appeals are intended for situations where the ruling "involves an important question of law or policy about which there is substantial ground for difference of opinion." 5 C.F.R. § 1201.92(a). No such issue is present on this record. Moreover, the appellant also failed to establish under 5 C.F.R. § 1201.92(b) that an immediate ruling would materially advance the completion of the proceeding or that the denial of such a ruling will cause any undue harm because we have considered his allegations in connection with his petition for review. *Cf. Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 23 (2010) (the denial of the appellant's recusal motion does not involve an important question of law or policy, as the Board has already decided the standard it will apply in determining whether an administrative judge should be disqualified on grounds other than bias).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:         _____
                       William D. Spencer
                       Clerk of the Board

Washington, D.C.