# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF HEALTH AND<br>  HUMAN SERVICES,<br>        Agency. | DOCKET NUMBER<br>DE-3330-15-0437-I-1<br>DE-3330-15-0436-I-1<br><br><br>DATE: March 11, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Corey Thompson, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed these VEOA appeals after the agency's Center for Disease Control and Prevention (CDC) did not select him for two separate Public Health Advisor positions, a GS-13 position, Vacancy Announcement HHS-CDC-D3-15-1320522, and a GS-15 position, Vacancy Announcement HHS-CDC-OM-15-1402753;[2] the administrative judge joined the two appeals and gave the appellant comprehensive notice of the elements and burdens of establishing jurisdiction over his VEOA claims. Initial Appeal File (IAF), Tabs 1, 3; 5 C.F.R. § 1201.36(a)(2). Neither party objected to joining the appeals. After considering the parties' respective responses, the administrative judge issued an order in which she found jurisdiction over the appeals, noted the Board's authority to decide VEOA claims on the written record when there is no genuine dispute of material fact, and ordered the appellant to identify what material facts were in

---

[2] *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0436-I-1, pertains to Vacancy Announcement HHS-CDC-D3-15-1320522; *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0437-I-1 pertains to Vacancy Announcement No. HHS-CDC-OM-15-1402753.

dispute in his appeals. IAF, Tab 16. The appellant did not respond, and the administrative judge noted in her close of the record order that she had found no genuine dispute of material fact that would necessitate a hearing. IAF, Tab 17. Nevertheless, she set a date for close of the record, giving the parties another month to submit evidence and argument and maintaining that she would still convene a hearing if the parties' close of record submissions were to show a dispute of material fact. *Id.* Despite the administrative judge's explicit notice that she had not yet found a dispute of material fact, *id.*, the appellant made no further submissions.

¶3 On the written record, without holding a hearing, the administrative judge denied the appellant's request for corrective action under VEOA because the record showed that the agency did not violate the appellant's veterans' preference rights, deny him the right to compete for a vacant position under merit promotion procedures for which the agency accepted applications from individuals outside its workforce, or improperly omit, overlook, or exclude any of the appellant's experience or work history in assessing his qualifications for the vacancy at issue. IAF, Tab 19, Initial Decision (ID). In short, the agency made no selection from the delegated authority announcement for the GS-13 position and found the appellant not qualified for the GS-15 position. ID at 4-8. In his timely filed petition for review, the appellant argues that the administrative judge denied his right to a hearing and abdicated her responsibility to make independent factual determinations. Petition for Review (PFR) File, Tab 1 at 8-9. He devotes much of his petition to discussing cases either unrelated or readily distinguishable from the instant matter, including several of his own previous cases before the Board, and he closes his petition with the proposition that the "systematic refusal" of Board administrative judges to grant him a hearing on his many VEOA appeals constitutes reprisal. *Id.* at 8-19.

¶4 To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his

statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

¶5        Preference-eligible veterans applying for Federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014). Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9. The matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained. *Id.* Pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board is limited to assessing whether an agency considered all of an appellant's valuable experience that is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to a preference eligible's

prior experiences in determining that he was not qualified for a position of employment. *Miller*, 121 M.S.P.R. 88, ¶ 9. That said, VEOA does not guarantee a preference eligible a position of employment. *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9-10 (2002), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶6 We agree with the administrative judge that the record reflects that the agency made no selection for the GS-13 position. ID at 4-5; IAF, Tab 15 at 64. Although it is clear that the appellant disagrees, it is settled law that there is no harm, and therefore no VEOA violation, when, as here, an agency decides not to fill a particular vacancy. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 14 (2013), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2014); *cf.*, *Scharein*, 91 M.S.P.R. 329, ¶ 10 (the agency is not required to fill a particular vacancy and does not violate an applicant's veterans' preference rights when it chooses not to make a selection). Moreover, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Because, as noted above, the unrebutted record reflects that the agency did not fill the position at issue, ID at 4; *see* IAF, Tab 15 at 64, we agree with the administrative judge that there is no genuine issue of material fact and find that she properly denied the appellant's request for corrective action on the written record.

¶7 With regard to the GS-15 position at issue, the record reflects that the appellant lacked the requisite experience developing and formulating new programs and initiatives in accord with public health activities specific to the elimination of HIV/AIDS. ID at 7; IAF, Tab 15 at 155-56. Although the appellant generally challenges the agency's assessment of his experience, he fails to identify any evidence in the record that supports his argument that the agency violated his rights under regulations related to veterans' preference by failing to credit his qualifying experience in processing his application. Thus, we agree

with the administrative judge that the record establishes that the agency did not improperly omit, overlook, or exclude a portion of the appellant's experiences or work history in finding him not qualified for the position at issue.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                                                  William D. Spencer
                                                                  Clerk of the Board

Washington, D.C.