**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEROME MANSFIELD,
         Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
         Agency.

DOCKET NUMBER
PH-3330-15-0188-B-1

DATE: October 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerome Mansfield, Mount Laurel, New Jersey, pro se.

Donald W. Taylor, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In this VEOA appeal, the appellant alleged that the agency violated his veterans' preference rights when it failed to select him for a Veterans Claims Examiner Trainee position.  *Mansfield v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-15-0188-I-1, Initial Appeal File (IAF), Tab 1.  He did not request a hearing.  *Id.*  After considering the parties' responses to several show cause orders seeking information regarding the appellant's claim and the agency's selection process, IAF, Tabs 3-11, the administrative judge found jurisdiction over the appeal and granted the appellant's request for corrective action because she found that the agency had failed to grant the appellant a five-point preference based on his service in the United States Air Force from October 22, 2001, through August 18, 2002, IAF, Tab 12, Initial Decision (ID); *see* IAF, Tab 4 at 3.  She ordered the agency to reconstruct the selection process, taking into account the appellant's five-point veterans' preference.  ID at 5.

¶3      In its petition for review of that decision, the agency insisted that any error it committed was harmless.  *Mansfield v. Department of Veterans Affairs*, MSPB

Docket No. PH-3330-15-0188-I-1, Petition for Review (PFR) File, Tab 1. The agency explained that under such procedures, preference-eligible applicants do not receive points, but instead are listed ahead or above those who are not eligible for veterans' preference within the same quality category to which they were assigned based on the agency's job-related assessment tools. *Id.* Because the agency had sufficient candidates to choose from in the higher-ranked best-qualified quality category, it did not reach the well-qualified quality category into which it placed the appellant based on his self-assessment, and therefore it did not harm him when it failed to place him at the top of the well-qualified category. *Id.* The agency also asserted that the appellant had failed to establish his preference eligibility and that his résumé did not show that he held the requisite qualifications for the position. *Id.*

¶4        Because it was unclear from the record how the agency conducted the selection process, especially considering the fact that numerous individuals who had received equal or lower self-assessment scores as compared to the appellant were nonetheless placed in the best-qualified category, the Board vacated the initial decision and remanded the appeal to the regional office for further adjudication. *Mansfield v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-15-0188-I-1, Remand Order (Mar. 1, 2016); PFR File, Tab 6. On remand, the administrative judge issued acknowledgment and close of record orders and the agency, in response, provided a single submission. *Mansfield v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-15-0188-B-1, Remand File (RF), Tabs 1-4. The appellant did not respond.

¶5        In her remand initial decision, the administrative judge denied the appellant's request for corrective action, finding that he failed to establish that the agency violated his veterans' preference rights. RF, Tab 5, Remand Initial Decision (RID). In his petition for review of the remand initial decision and in his supplemental submissions, the appellant argues that the agency hired two applicants with lower scores than his and he contends that the agency's evidence

on the selection process was insufficient, in part because it was not sworn. Remand Petition for Review File, Tabs 1, 3-4. The agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *E.g.*, *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). In a traditional competitive examination, preference-eligible veterans have additional points added to their passing scores. 5 U.S.C. § 3309; 5 C.F.R. § 337.101(b). The names of applicants are entered onto registers, or "lists of eligibles," in rank order, with preference eligibles ranked ahead of others with the same rating. *See* 5 U.S.C. § 3313; 5 C.F.R. § 332.401. The appointing authority must make a selection from the highest three eligibles on the list, 5 U.S.C. § 3318(a), and must justify a decision to pass over a preference eligible in order to select a nonpreference eligible, 5 U.S.C. § 3318(c).

¶7    Under category rating, an examining agency defines two or more quality categories (such as well-qualified and best qualified); candidates are assessed and those with similar proficiency are placed in the same category. Within each quality category, the agency must list preference eligibles ahead of individuals who are not preference eligibles. *See* 5 U.S.C. § 3319(b). "For other than scientific and professional positions at GS–9 of the General Schedule (equivalent or higher), qualified preference-eligibles who have a compensable service-connected disability of 10 percent or more shall be listed in the highest quality category." *Id.* An agency may not select a nonpreference eligible ahead of a preference eligible in the same category unless it seeks and receives approval for a pass over. *Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶ 7 (2013) (citing 5 U.S.C. § 3319). An agency may assign numerical scores for

purposes of placing applicants in categories, but veterans' preference points are not added to such scores. *Launer*, 119 M.S.P.R. 252, ¶ 7; *see* 5 C.F.R. § 337.304(b).

¶8    Here, we agree with the administrative judge that the record reflects that the agency used category rating procedures to fill the position at issue. RID at 3; RF, Tab 3 at 1-3. Further, the record reflects that even if the agency had properly moved the appellant to the head of the well-qualified category in keeping with his five-point veterans' preference, it would not have made a difference because all the selectees came from the best-qualified category.[2] Regarding the appellant's observation that two selectees had lower self-assessment scores than him, the record indicates that those selectees were entitled to CP or CPS status, respectively reflecting compensable service-connected disability ratings of either 10% to less than 30% (CP) or over 30% (CPS), entitling them to be listed in the highest quality category, as opposed to the appellant's five-point (TP) status, which would have only moved him to the top of the second, well-qualified, category and would not have resulted in his selection for the position at issue. RF at 2-3; *Launer*, 119 M.S.P.R. 252, ¶ 7.

¶9    Moreover, because the appellant was not in the best-qualified category from which the agency selected its candidates, the agency's apparent failure to afford him five veterans' preference points and move him to the head of the well-qualified category would not have changed the result. Thus, the administrative judge properly found that the appellant was not entitled to corrective action. RID at 7; *see Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 14-16 (denying corrective action when any

---

[2] Although the appellant's résumé states that he is entitled to 10 veterans' preference points based on a compensable service-connected disability of at least 10% but less than 30% (CP), the record reflects that he failed to submit any evidence in support of that assertion, and he claims elsewhere in the record that he is instead entitled to 5 veterans' preference points. RF, Tab 3 at 2, 4; IAF, Tab 1 at 3, Tabs 4, 7; *see Launer*, 119 M.S.P.R. 252, ¶ 7.

agency's failure to accord the appellant's veterans' preference did not result in any harm because the vacancy at issue was canceled and, even if not canceled, the appellant would not have been rated among the best qualified candidates), *aff'd per curiam*, 544 F. App'x 976 (Fed. Cir. 2013).

¶10      As for the appellant's assertion that the agency's evidence is unsworn, the administrative judge instructed the parties that while sworn evidence is potentially entitled to more weight, submissions "need not be in the form of an affidavit, sworn statement or declaration made under penalty of perjury" to be admissible. RF, Tab 4 at 2 (citing *Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995)). Considering the entirety of the record, we concur with the administrative judge's conclusions, and we find that the appellant has not shown error in the administrative judge's weighing of the evidence. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶11      Lastly, concerning the appellant's qualifications for the position, pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board is limited to assessing whether an agency considered all of an appellant's "valuable experience" material to the position for which he applied. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). The appellant does not assert that the agency failed to consider any particular portion of his qualifications and experience.

¶12      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.