NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2013-3114

---

Petition for review of the Merit Systems Protection Board in Nos. DE3330110370-I-1 and DE3330110380-I-1.

---

Decided: November 7, 2013

---

JOHN PAUL JONES, III, of Albuquerque, New Mexico, pro se.

MEEN GEU OH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief was ROBERT E. NERTHLING, II, Assistant Regional counsel, Department of

Health and Human Services, Office of General Counsel, of Atlanta, Georgia.

———————————

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Petitioner John Paul Jones, III, appeals a final decision of the Merit Systems Protection Board ("Board") concluding that he was not entitled to corrective action for a violation of his rights under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-11-0370-I-1 (M.S.P.B. Mar. 25, 2013) [hereinafter *Final Decision.*]. Mr. Jones also seeks an order from this Court that he be given priority consideration for subsequent job applications. Pet. Br. 19. For the reasons set forth below, we *affirm* the decision of the Board and *deny* his request for prospective relief.

## BACKGROUND

### The Petitioner

Mr. Jones served on active duty in the U.S. Army from March 25, 1968 to December 24, 1969 and participated in the Vietnam War as a Medical Corpsman. It is not disputed that he is a preference eligible veteran under the VEOA. Resp't Br. 2.

### Announcement 205

On February 5, 2010, the Department of Health and Human Services (the "Agency") issued the competitive Vacancy Announcement HHS-CDC-D3-2010-0205 ("Announcement 205") for Public Health Advisor positions within the Centers for Disease Control ("CDC"), a division of the Agency. At the same time, the Agency issued Vacancy Announcements HHS-CDC-T3-2010-0156-NC

("Announcement 156-NC") and HHS-CDC-T3-2010-0156-MP ("Announcement 156-MP"), which were the noncompetitive and merit promotion counterparts to Announcement 205.

Announcement 205 was a continuous announcement that was left open until February 4, 2011. Its stated purpose was to build "an inventory of qualified applicants for Public Health Advisor positions" that "will be used to fill immediate and future needs." The announcement was "for multiple locations and multiple grades," and applicants were required to "identify all locations and all grades for which [they] desire consideration."

Mr. Jones submitted an application in response to Announcement 205 on January 2, 2011.

### The Kazakhstan Position

On his application, Mr. Jones indicated that he wanted to be considered for a position in Kazakhstan.

When a position in that country became available, the Agency looked to applicants responding to Announcements 205, 156-NC, and 156-MP to form a combined candidate pool for evaluation by a selection panel. A Human Resources Specialist was tasked with retrieving the Announcement 205 applicants, who were sorted by an automated system into three categories: "Best Qualified," "Well Qualified," and "Qualified." For the Kazakhstan position, the specialist was directed to review only the applicants that fell into the "Best Qualified" category. Because Mr. Jones was determined by the computer to be in the "Well Qualified" category, his application was not reviewed by the specialist on the first pass.

The specialist also reviewed the preference eligibility of the applicants for the Kazakhstan position to determine if preferences may apply. The automated system had given Mr. Jones a designation of "TP," *i.e.*, a "Tentative [Veteran's] Preference." However, the specialist

erroneously superimposed "NV," *i.e.*, "Non-Veteran," over Mr. Jones's "TP" designation. Mr. Jones was therefore treated as if he had no preference at all, and his application was never reviewed.

A certificate of eligibles consisting of 7 candidates, without Mr. Jones, was created from the applicants responding to Announcements 205, 156-NC, and 156-MP. The Agency interviewed three of the candidates, but elected to hire none.

On July 26, 2011, the Agency issued new competitive, noncompetitive, and merit promotion vacancy announcements for Public Health Advisor positions. The Kazakhstan position was ultimately filled by an applicant responding to one of these new announcements on November 10, 2011.

### The Uganda Position

While Mr. Jones's Announcement 205 application was pending, a Public Health Advisor position in Uganda became available. Because his application did not specifically identify Uganda as a potential duty station, Mr. Jones was never considered during the selection process.

### Proceedings at the Board

On May 31, 2011, Mr. Jones filed a VOEA appeal with the Board alleging that his preference rights were violated in the selection processes for the Kazakhstan and Uganda positions. With respect to the Uganda position, Mr. Jones alleged that he did in fact select Uganda on his Announcement 205 application.

On February 17, 2012, an administrative judge issued an initial decision that granted in part and denied in part Mr. Jones's request for corrective action. *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-11-0370-I-1 (M.S.P.B. Feb. 17, 2012) [hereinafter *Initial Decision*.]. The judge concluded that Mr. Jones's rights were violated

in the selection process for the Kazakhstan position when he was not placed at the top of the "Well Qualified" category. As corrective action, the Agency was ordered to fully reconstruct the process. *Id.* at 16. The judge so ordered even though Mr. Jones was not one of the "Best Qualified" Announcement 205 applicants and even though the Agency elected not to fill the Kazakhstan position from Announcements 205, 156-NC, or 156-MP. However, the judge found that Mr. Jones failed to establish that he actually did select Uganda on his application. Therefore, the judge concluded that he lacked standing to challenge the selection process for the Uganda position. *Id.* at 14.

The Agency subsequently filed a petition for review of the grant of corrective action for the Kazakhstan position. Mr. Jones in turn filed a cross petition for review of the denial of corrective action for the Uganda position.

While the Board affirmed the finding that the Agency violated his preference rights in the selection process for the Kazakhstan position, it determined that Mr. Jones did not suffer actual harm because the Agency did not fill the position with an applicant responding to Announcements 205, 156-NC, or 156-MP. *Final Decision* at 7. And even if Mr. Jones had been afforded his preference rights, they would have given him no benefit as he was not amongst the "Best Qualified" applicants responding to Announcement 205. The error in not identifying him as a veteran with preference on the "Well Qualified" list was thus deemed harmless. The Board consequently vacated the order for corrective action. *Id.* at 11.

With regard to the Uganda position, the Board affirmed the finding that Mr. Jones did not actually apply for the position. *Id.* at 10. It therefore also affirmed the finding that Mr. Jones lacked standing to challenge the selection process for the position. *Id.* at 19.

Mr. Jones timely filed his appeal of the Board's final decision. In addition, Mr. Jones seeks an order that he be

given priority consideration for future job applications. Pet. Br. 19. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a decision of the Board is circumscribed by statute. We can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## The Kazakhstan Position

As noted above, the Board agreed with the administrative judge that the Agency failed to respect Mr. Jones's VEOA rights by not designating him as a veteran with preference when he was put onto the "Well Qualified" list of Announcement 205 applicants. *Final Decision* at 7. Mr. Jones challenges the Board's rationale in finding the violation harmless under the circumstances, characterizing it as "breathtakingly fallacious." Pet. Br. 24. Mr. Jones contends that the fact that the Agency did not select anyone for the Kazakhstan position is irrelevant, as the Agency cannot show that it would not have selected him had he been considered. According to Mr. Jones's theory, the harm he suffered is the failure to have him included within the group considered for the position.

The problem with Mr. Jones's challenge to the Board's rationale is that, even if he had been properly designated on the "Well Qualified" list, such a designation would not have entitled him to consideration for the position. The Agency followed common practice in aggregating applicants responding to the three announcements in drawing up the certificate of eligibles for the Kazakhstan position **[A30]**, and this court has upheld the practice of using concurrent announcements to fill a single position. *See*

*Joseph v. Federal Trade Comm'n*, 505 F.3d 1380, 1383-84 (Fed. Cir. 2007) (a veteran's rights under the VEOA are not violated by the agency's decision to fill a position by merit promotion procedures instead of through the competitive process). As the Board reasoned, in this case, the error in overlooking Mr. Jones's veteran status caused him no remediable harm. We also see no merit in Mr. Jones's contention that he was denied the right to compete for the Kazakhstan position. When the Agency chose to consider only those Announcement 205 applicants rated as "Best Qualified," Mr. Jones was properly eliminated from the competition. The Board therefore did not err in vacating the order for corrective action and rejecting Mr. Jones's VEOA claim.

### The Uganda Position

The Board correctly concluded that Mr. Jones did not have standing to challenge the selection process for the Uganda position. *Id.* at 10. As the administrative judge found, the computer records did not show that Mr. Jones applied for the position in Uganda. *Initial Decision* at 13. While Mr. Jones blames the computer system for failing to register his choice, the judge properly took into consideration his inconsistent testimony about whether he actually selected Uganda on his application. *Id.* The finding that Mr. Jones lacked standing is supported by the evidence.

### Priority Consideration

As noted above, the Board correctly held that in the circumstances of this case, Mr. Jones was not entitled to reconstruction of the selection process for the Kazakhstan position. In this court, Mr. Jones asks for additional relief, namely that he be placed in "Priority Consideration" for all subsequent job applications he might make. In his brief, Mr. Jones points to the "Delegated Examining Operations Handbook: A Guide for Federal Agency Examining Officers." OFFICE OF PERSONNEL MGMT., DELEGATED

EXAMINING OPERATIONS HANDBOOK (2007) [hereinafter "DEO Handbook"]. The DEO Handbook defines a "priority consideration" as "a special placement priority that is given to an eligible who was previously denied consideration due to an administrative error or a law or regulatory violation." Mr. Jones states that the Handbook entitles him to priority consideration, and the Agency argues that the Handbook actually denies Mr. Jones such a status. Our review of the Handbook's criteria for priority consideration shows them to be complex.

Mr. Jones candidly admits that he was unaware of the Handbook while his case was adjudicated by the Board, and our review of the record before us does not show that the Board was presented with or otherwise considered Mr. Jones's priority consideration issue based on the Handbook. Because the question was not considered by the Board, we will not consider it for the first time here. *See Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1103 (Fed. Cir. 2008) (declining to consider argument not presented before the Board).

CONCLUSION

The final decision of the Board is therefore

**AFFIRMED**

COSTS

No costs.