# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE KING,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBERS
AT-0330-12-0737-C-1
AT-0330-12-0739-C-1
AT-0330-12-0741-C-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Diane King, Prattville, Alabama, pro se.

Johnston B. Walker, Jackson, Mississippi, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed petitions for review of the three initial decisions, which denied her petitions for enforcement of final Board orders. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN the three cases under 5 C.F.R. § 1201.36(b) and, based on the following points and authorities, conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions issued by the administrative judge, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2 The appellant prevailed in her claims that the agency violated her veterans' preference rights during the selection process for three Medical Technologist positions and the Board ordered the agency to reconstruct those selection processes. The appellant filed petitions for enforcement in which she alleged that the agency had not properly reconstructed the section process in any of the three cases. The administrative judge denied the petitions for enforcement and found the agency to be in compliance.

¶3 Upon reconstruction, the appellant was in each instance referred to and considered by the selecting official. However, when the selecting official checked the appellant's references and discovered her extensive prior disciplinary record, it sought permission to pass over the appellant. Because the appellant is a 5-point veteran and not a disabled veteran or a preference eligible being disqualified for medical reasons, nor is she accused of making a material false statement in examination or appointment, the agency was authorized to obtain pass-over authority internally rather than going through the Office of Personnel

Management.  5 C.F.R. § 332.406(a).  The agency obtained pass-over authority from its Chief of Human Resources.

¶4        A prevailing appellant in a nonselection case brought under the Veterans Employment Opportunities Act of 1998 is not necessarily entitled to selection for the position sought.  *See Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 21 (2010); *Gonzalez v. Department of Homeland Security*, 110 M.S.P.R. 567, ¶ 6, *aff'd per curiam*, 355 F. App'x. 417 (Fed. Cir. 2009).

¶5        Rather, she is entitled to a proper process that affords her all of the veterans' preference rights to which she is entitled.  *Phillips*, 114 M.S.P.R. 19, ¶ 21*; Gonzalez*, 110 M.S.P.R. 567, ¶ 6.  Thus, the Board generally orders reconstruction and only orders the agency to select the appellant when the evidence shows that it would have selected the appellant had it followed a proper procedure.  *See generally Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1317 (Fed. Cir. 2009).  Here, the evidence shows that the agency would not have selected the appellant regardless of which procedures it followed because of her poor prior employment record.  Under these circumstances, it is not appropriate to order the agency to select the appellant for any of the three positions.  Thus, although we agree with the administrative judge that the agency did not perform a proper reconstruction in these cases, there is no further relief that the appellant can be awarded for the earlier violations of her veterans' preference rights.  *See Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 14-16, *aff'd*, 544 F. App'x 976 (2013).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.