# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEGERALD R. WILSON,
                 Appellant,

       v.

DEPARTMENT OF THE ARMY,
                 Agency.

DOCKET NUMBER
DA-3330-13-0169-I-1

DATE: September 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

DeGerald R. Wilson, San Antonio, Texas, pro se.

John Vrett, North Chicago, Illinois, for the agency.

David Starratt, Esquire, Fort Sam Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which denied his appeal of his nonselections for five agency job vacancies. Generally, we grant petitions such as this one only when: the initial decision contains

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In October 2012, the agency's Installation Management Command (IMCOM) posted four job vacancies for the positions of Administrative Assistant, Initial Appeal File (IAF), Tab 10 at 127-30, Contract Specialist Trainee, *id*. at 86-90, Contract Specialist, *id*. at 45-48, and Supervisory Contract Specialist, *id*. at 22-25. Also in October 2012, the agency's Military Entrance Processing Command (MEPCOM) posted one job vacancy for the position of Test Administrator. IAF, Tab 11 at 12-20. The appellant applied for each of the five positions. *See* IAF, Tab 10 at 26, 49, 91, 131, Tab 11 at 25. However, he was not selected for any.

¶3 The appellant appealed his nonselections to the Board. IAF, Tab 1. The agency responded to the appeal, arguing that the appellant did not meet the minimum qualifications for the four IMCOM vacancies. IAF, Tab 10 at 5-7, 9. Additionally, the agency argued that, while the appellant was qualified for the MEPCOM position, he was not selected because he was not among the "best qualified." IAF, Tab 11 at 6, 33-34.

¶4    The administrative judge concluded that the appellant established jurisdiction over his appeal.  IAF, Tab 15 at 1.  She summarized the issues as being whether the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) by not selecting the appellant for any of the five vacancies.  IAF, Tab 30 at 1-2.

¶5    After a hearing on the merits, the administrative judge denied the appellant's request for corrective action.  IAF, Tab 32, Initial Decision (ID).  The agency had argued that the appellant lacked the minimum qualifications for any of the four IMCOM vacancies.  IAF, Tab 10 at 5-7 (alleging that the appellant's applications indicated that he lacked the requisite experience related to acquisition planning, managing contracts, and preparing travel orders), 27, 82, 119, 132 (minimum qualifications for each of the four IMCOM positions).  The appellant acknowledged that he did not meet the minimum qualifications, but argued that he had two degrees and could have been trained to do the work.  *See* ID at 5-6.  Nevertheless, the administrative judge found his failure to meet the minimum qualifications of the positions controlling.  ID at 4-6.  She noted that nothing in VEOA exempts covered veterans from meeting minimum qualification standards of vacant positions.  ID at 6 (citing *Philips v. Department of the Navy*, 110 M.S.P.R. 184, 190 n.3 (2008) and *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000)).  As for the MEPCOM position, the administrative judge found that the appellant was afforded the appropriate veterans' preference, but his application was not referred to the selecting official because, while he was among the "Highly Qualified" applicants, he was not among the "Best Qualified."  ID at 7-8.  She noted that the agency's selection process was consistent with the category rating system of filling competitive-service vacancies.  ID at 8 (citing 5 U.S.C. § 3319); *see also Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶ 7 (2013) (discussing the appropriate use of category ratings).  Accordingly, the administrative judge

concluded that the appellant failed to establish that the agency violated VEOA by not selecting him for any of the five vacancies.  ID at 3-8.

¶6    The administrative judge next found that the appellant did not present any evidence that his military service was a factor in his nonselection for the IMCOM or MEPCOM vacancies.  ID at 9-10; *see also Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013) (to prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency action).  Therefore, she concluded that the appellant failed to establish that his nonselection for any of the five vacancies was the result of discrimination based on his status as a military veteran in violation of USERRA.  ID at 10.

¶7    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶8    Although the appellant has filed a petition for review, it contains no argument or evidence.  PFR File, Tab 1.  Instead, it simply states, "This is a request for the Petition for Review," and "[n]o additional information is available at this time."  *Id*. at 2.  It may be assumed that the act of filing a petition reflects the appellant's disagreement with the initial decision.  However, mere disagreement with the administrative judge's findings of fact and conclusions of law does not warrant full review of this matter by the Board.  *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980); *see also Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 20-21 (finding an argument unavailing where it constituted mere disagreement with an administrative judge's determination that the agency had not violated a law or regulation relating to veterans' preference), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013); *McKay v. U.S. Postal Service*, 84 M.S.P.R. 152, ¶ 8 n.* (1999) (dismissing an argument on review regarding USERRA as mere disagreement with the administrative judge's determination).

¶9     The administrative judge's decision appears well-reasoned, consistent with the appropriate law, and supported by the evidence of record.  Without any argument or evidence to the contrary, the appellant has failed to present a basis for granting his petition.  *See* 5 C.F.R. § 1201.115.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.