# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEROME MANSFIELD,
                    Appellant,

                    v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
PH-3330-15-0188-I-1

DATE: March 1, 2016

# THIS ORDER IS NONPRECEDENTIAL[*]

Jerome Mansfield, Mount Laurel, New Jersey, pro se.

Donald W. Taylor, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In this appeal, the appellant alleged that the agency violated his veterans' preference rights when it failed to select him for a veterans claim examiner trainee position. Initial Appeal File (IAF), Tab 1. He did not request a hearing. *Id.* After considering the parties' responses to several show cause orders seeking information regarding the appellant's claim and the agency's selection process, IAF, Tabs 3-11, the administrative judge found jurisdiction over the appeal and granted the appellant's request for corrective action because she found that the agency had failed to grant the appellant a five-point preference based on his service in the United States Air Force from October 22, 2001, through August 18, 2002, IAF, Tab 12, Initial Decision (ID); *see* IAF, Tab 4 at 3. She ordered the agency to reconstruct the selection process taking into account the appellant's five-point veterans' preference. ID at 5.

¶3        In its timely filed petition for review, the agency reiterates that the appellant was not among those deemed best qualified for the position, which was the only category referred to the selecting official for the position at issue. Petition for Review (PFR) File, Tab 1 at 3; *see* IAF, Tab 4 at 2, Tab 11, Exhibit (Ex.) 6. Under the procedures employed for the selection at issue, the agency argues it would not have added points to the appellant's score in any event. PFR File, Tab 1 at 2-3. It explains that, under its delegated examining authority, qualified candidates assigned to a category do not receive points but are instead listed ahead of those in their category who are not preference eligible. *Id.* at 3. According to the agency, the appellant's self-assessment placed him in the well-qualified category, but the agency found sufficient candidates for referral to the selection official in the best-qualified category, so the well-qualified candidates were neither reviewed nor referred. *Id.* It also contends that the

appellant failed to submit evidence of his qualifying service with his application. *Id.* at 2. The appellant responds in opposition to the agency's petition for review. PFR File, Tab 4.

¶4    According to the agency's version of how it conducted the selection process, its failure to credit the appellant's veterans' preference appears to be harmless error because the record reflects that, even had the agency correctly done so, it still would not have selected the appellant for the position at issue. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 14-15, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013). Under 5 U.S.C. § 3319(b), if the agency had accorded the appellant his veterans' preference, his name would have been at the top of the list of candidates rated as well qualified. *See Jones*, 119 M.S.P.R. 355, ¶ 15. As noted above, because the agency alleged that it made its selection from the candidates deemed best qualified, it never reached the appellant's cohort, and therefore the appellant's placement at the head of that list with other preference-eligible candidates deemed well qualified, which was the specific benefit of his veterans' preference in this case, would not have aided him as the agency did not use that list to refer candidates to the selecting official to fill the position. IAF, Tab 11, Exs. 2, 6.

¶5    However, the existing record fails to show that the agency conducted the selection process in the manner it asserts, so we are unable to determine whether its failure to credit the appellant's veterans' preference was harmless error. Moreover, it is not clear from the record how the agency determined which applicants were best qualified, as opposed to well qualified. The administrative judge accepted the agency's assertion that the appellant's self-evaluation, for which he earned a competitive score of 93, placed him in the well-qualified cohort. ID at 2, 4. Yet the agency's evidence also indicates that 11 applicants it deemed best qualified had scores that were either equal to or lower than the appellant's score of 93, IAF, Tab 11, Ex. 6 at 5-12, including 2 of the selectees, *id.* at 7-8. Given the agency's allegation that its delegated examining authority

did not require it to add points to any of the applicant's scores to account for veterans' preference, it is not clear on this record why the agency deemed the appellant well qualified while it placed individuals with lower scores than him in the higher-ranked category of best qualified.

¶6    Accordingly, we must remand the appeal for further development of the record and a new initial decision addressing the issues identified above.

## ORDER

¶7    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.