# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARVIN CLEVELAND BRYAN, JR.,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
DC-3443-17-0660-I-1

DATE: July 12, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Marvin Cleveland Bryan, Jr.</u>, New Rochelle, New York, pro se.

<u>Christina Knott</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal regarding the agency's rescinding its job offer for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial decision to the extent that it found that the appellant failed to establish jurisdiction over this appeal as a cancellation of a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

promotion or appointment, MODIFY the initial decision to find that the appellant failed to nonfrivolously allege that the agency took a suitability action because he did not apply for a covered position, and REMAND the case to the regional office for further adjudication of the appellant's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant applied and was tentatively selected for the Attorney Advisor GS-0905-11 position with the Board of Veterans Appeals. Initial Appeal File (IAF), Tab 1 at 5, Tab 3 at 17, 21-26. He was notified of the tentative selection on June 20, 2017, but then the agency notified him on July 10, 2017, that it was rescinding its offer. IAF, Tab 3 at 17, 28.

¶3 The appellant filed the instant appeal challenging the agency's action and requested a hearing. IAF, Tab 1. He argued that he received a final offer of employment that the agency later withdrew and that the agency took a negative suitability action against him. IAF, Tab 3 at 12, Tab 10 at 4. He also asserted that the agency's decision was due in part to his request for benefits because of his status as a combat-injured disabled veteran. IAF, Tab 3 at 11-12. Namely, he stated that the agency failed to offer him 8 hours per pay period of annual leave that he "gallantly earned while being injured in a combat zone" and that he notified the agency that, because he was a disabled veteran, he would require a special chair when he entered on duty. *Id.* at 5, 7-8. However, the administrative judge did not provide the appellant with notice of his jurisdictional burden under USERRA. IAF, Tabs 9, 16.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID). She found that the appellant failed to nonfrivolously allege that he was subjected to an appealable action in the form of

cancelling a promotion or appointment because he failed to nonfrivolously allege that a promotion or appointment actually occurred and that, even if he were appointed, he failed to nonfrivolously allege that the appointment was not revoked.[2]  ID at 7-9.  She also found that the appellant failed to nonfrivolously allege that the agency took a suitability action.  ID at 9-12.  Further, she stated that the appellant had not raised claims regarding, among other things, his military service, which could have provided a basis for the Board's jurisdiction.  ID at 2 n.1.  Finally, she found that, absent an otherwise appealable action, the Board lacked jurisdiction over any of the appellant's other arguments.  ID at 12.

¶5    The appellant has filed a petition for review, and the agency has responded in opposition to his petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We modify the initial decision to find that an attorney advisor is not a "covered position," and thus the appellant did not nonfrivolously allege that the agency took a suitability action.

¶6    The appellant challenges the administrative judge's finding that the agency did not take a suitability action against him, asserting that he was denied discovery and the opportunity to develop the record regarding this issue.  PFR File, Tab 1 at 5-6; ID at 9-12; IAF, Tab 9 at 4-5.  A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment.  5 C.F.R § 731.203(a).  Title 5 of the Code of Federal Regulations, section 731.101(b) describes a "covered position" for purposes of defining a suitability action as "a position in the competitive service, a position in the excepted service where the incumbent can be noncompetitively

---

[2] The appellant does not challenge the finding that he failed to establish jurisdiction on the basis of a cancellation of a promotion or appointment, and we find no reason to disturb it.  Petition for Review File, Tab 1; ID at 7-9; *see Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 10 (2012) (stating that to establish jurisdiction in an appeal from the cancellation of a promotion or appointment as a reduction in grade, the appellant must show that the promotion or appointment actually occurred).

converted to the competitive service, and a career appointment to a position in the Senior Executive Service." *Hudlin v. Office of Personnel Management*, 119 M.S.P.R. 61, ¶ 6 n.2 (2012).

¶7 The position at issue is an excepted-service position that does not provide for noncompetitive conversion to the competitive service. IAF, Tab 3 at 24; *see* 5 C.F.R. § 213.3102(d). Thus, it is not a "covered position" for purposes of determining whether a suitability action occurred. *Cf. Hopper v. Office of Personnel Management*, 118 M.S.P.R. 608, ¶ 7 n.3 (2012) (finding that, although the appellant was in the excepted service, he was a covered employee for purposes of a suitability action because he could be noncompetitively converted to the competitive service), *aff'd*, 786 F.3d 1340 (Fed. Cir. 2015). Accordingly, although we agree that the appellant has failed to nonfrivolously allege that he was subjected to a suitability action, we modify the initial decision to find that this was because he did not apply for a "covered position."[3]

The appellant nonfrivolously alleged a cognizable claim under USERRA when he asserted that the agency rescinded its offer because he is a disabled veteran.

¶8 Under 38 U.S.C. § 4311(a), "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service. . . ." To establish jurisdiction over a USERRA discrimination claim under section 4311(a), the appellant must nonfrivolously allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or

---

[3] The appellant asserts that the administrative judge improperly denied him discovery on whether the agency took a suitability action against him. PFR File, Tab 1 at 5-6. The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *See Jones v. Department of Health and Human Services*, 119 M.S.P.R. 355, ¶ 18 (2013), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2014). Because the appellant did not make a nonfrivolous allegation of jurisdiction as a matter of law, we find no such prejudice.

any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.[4] *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012). A claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Id.* Allegations of discrimination based on one's status as a disabled veteran are cognizable under USERRA. *Kirkendall v. Department of the Army*, 94 M.S.P.R. 70, ¶ 6 (2003). As discussed below, we find that the appellant has nonfrivolously alleged a cognizable claim under USERRA on the basis of his status as a disabled veteran.

¶9      We find that the appellant performed military duty, that the agency was aware that he did so, and that the agency took an action covered under USERRA. The appellant asserted below, and on review, that he served in combat and he is a disabled veteran. PFR File, Tab 1 at 6; IAF, Tab 19 at 6. He also asserted that the agency was aware of his service because his application for employment included his DD Form 214/Certificate of Release or Discharge from Active Duty, 30 percent disability letter, and combat-related special compensation letter. PFR File, Tab 1 at 6; IAF, Tab 19 at 6. Further, it is undisputed that this constitutes an action covered under 38 U.S.C. § 4311(a) because the statute specifies that an agency shall not deny initial employment.

¶10      We also find that the appellant's claim constitutes a nonfrivolous allegation that his status as a disabled veteran was the reason that the agency revoked his offer of employment. The appellant asserted that the agency discriminated against him when it rescinded its offer of employment on the basis of his status as a disabled veteran, his ability to earn 8 hours of leave because of his service, and his statement that he would need a special chair because of his status as a disabled veteran. PFR File, Tab 1 at 6; IAF, Tab 3 at 5, 7-8, 11-12. He also argues that the agency's rescinded offer constitutes discrimination against a

---

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

disabled veteran.[5]   Because the appellant argues that the agency took its action because of his status as a disabled veteran, we find that he has nonfrivolously alleged a claim under USERRA.  *See* 38 U.S.C. § 4311(a); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶¶ 12-15 (2011) (finding Board jurisdiction over the appellant's allegation of retaliation based on use of leave to which he was entitled only due to his status as a disabled veteran); *Kirkendall*, 94 M.S.P.R. 70, ¶ 6 (finding that the appellant's claim that the agency did not select him for a position because of his status as a disabled veteran was a claim cognizable under USERRA).   Because we find that the appellant has nonfrivolously alleged that the agency rescinded its offer because of his status as a disabled veteran, we find that he is entitled to a hearing on the merits of his USERRA claim.  *See Gossage*, 118 M.S.P.R. 455, ¶ 10 (explaining that, once an appellant has established Board jurisdiction, he has an unconditional right to a hearing on the merits of his USERRA claim).  Thus, we remand the appeal to provide the appellant with his requested hearing.

---

[5] To the extent he is alleging disability discrimination as opposed to discrimination on the basis of his status as a disabled veteran, the Board lacks jurisdiction over this claim. *See Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013) (finding that, to the extent the appellant claimed he was discriminated against based on a disability arising from his military service, such a claim was not cognizable under USERRA).

## ORDER

¶11      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:        /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.