**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLAUDIA L. MARSH,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0353-21-0393-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: April 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Corpus Christi, Texas, for the appellant.

Michael R. Tita, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed by the agency as a Clerk at the Hemet Post Office in Hemet, California. Initial Appeal File (IAF), Tab 1 at 1. She suffered injuries to her right shoulder on December 21, 2007, and September 12, 2012, for which the Office of Workers' Compensation Programs (OWCP) accepted her claims. *Id.* at 8. In September 2014, the appellant's treating physician indicated that she could return to work with permanent and stationary restrictions of "[n]o repetitive overhead reaching/lifting and [n]o lifting [greater than] 10lbs." IAF, Tab 5 at 7. In January 2016, the appellant accepted an offer of modified assignment (OMA) as a Sales and Service Associate (SSA). *Id.* at 5-6. The SSA position incorporated her permanent restrictions and included the following duties: "Passport/Window/ECC; Nixies Room/ [illegible] Left Shelves/Returns; 2nd Notice and General Delivery; and Acct Cart/Clear Carriers/Throw Parcels within Restrictions." *Id.* The appellant worked as an SSA until May 14, 2021, when she was assigned to work as a retail clerk at the front window. IAF, Tab 1 at 6, Tab 6 at 4-6, 13. She worked as a retail clerk until May 19, 2021, when she submitted a request for leave under the Family and Medical Leave Act (FMLA)[2]

---

[2] In support of the request for FMLA leave, the appellant's physician certified that she is unable to perform her job functions citing "inability to concentrate, easily distracted,

and has remained off work since May 20, 2021. IAF, Tab 7 at 5, 12-15. The appellant thereafter filed the instant restoration appeal and requested a hearing. IAF, Tab 1.

In her initial appeal, the appellant argued that her 2016 OMA was a restoration denial because the agency should have provided her with a rehabilitation position rather than allowing her to accept the OMA. IAF, Tab 1 at 6, Tab 6 at 4-6. The appellant also argued that her subsequent May 14, 2021 "retail clerk" assignment was improper because it violated her medical restrictions and that she was not provided advance notice of the assignment or appeal rights. IAF, Tab 6 at 4-6, 13.

The administrative judge issued an order apprising the appellant of her burden of proving jurisdiction over a restoration appeal and instructed her to file evidence and argument on the issue. IAF, Tab 2 at 2-8. The appellant responded to the show cause order. IAF, Tabs 4, 6. The agency filed a motion to dismiss for lack of jurisdiction. IAF, Tab 7. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that she failed to make a nonfrivolous allegation that the agency denied her request for restoration following a compensable injury. IAF, Tab 11, Initial Decision (ID) at 1, 11. Specifically, he concluded that the agency had provided the appellant with a modified assignment with restrictions and that she failed to set forth sufficient evidence and argument that the agency's restoration was so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. ID at 10. Thus, the administrative judge found that she failed to make a nonfrivolous allegation that the agency denied her restoration or that the agency's actions were arbitrary and capricious. ID at 10-11.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency has filed a response, PFR File, Tab 8, to which the

---

and tearful." *Id.* at 13.

appellant has responded, PFR File, Tab 9. The appellant also filed a motion for leave to submit additional evidence. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's motion for leave to file additional evidence is denied.

In the appellant's motion, she is seeking leave to submit "[an] OWCP approval letter, a declaration created by [her] on February 5, 2022 related to her OWCP case . . . [,] and a pleading which she has submitted to the Board in a different appeal." PFR File, Tab 6 at 3. According to the appellant, the instant appeal relates to her 2007 and 2012 OWCP claims for shoulder injuries. IAF, Tab 1 at 6, 8, Tab 6 at 12-13. She specifies in her motion that the OWCP approval letter and the declaration she wishes to submit is related to a foot injury that occurred on May 22, 2021.[3] *Id.* Although the availability of the evidence she seeks to submit may postdate the close of the record and therefore may be considered new, the appellant has failed to explain how this evidence is related or material to the 2007 and 2012 OWCP claims at issue here. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). She also failed to explain how this evidence would warrant an outcome different from that of the initial decision. *See Russo*, 3 M.S.P.R. 345, 349. Accordingly, the appellant's motion for leave to submit additional evidence is denied.

The appellant has failed to nonfrivolously allege the Board's jurisdiction over her restoration claim.

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353

---

[3] The appellant has another appeal pending before the Board challenging the agency's alleged failure to restore her following the May 22, 2021 injury. *Marsh v. U.S. Postal Service*, MSPB Docket No. SF-0353-22-0200-I-1, Appeal File (0200 AF), Tab 2. The evidence that she wishes to submit is part of the record in that appeal. 0200 AF, Tab 7 at 16-19, 38-39. On July 21, 2022, the administrative judge issued an initial decision dismissing that appeal for lack of jurisdiction. 0200 AF, Tab 19. The appellant has filed a petition for review of that decision.

provide, amongst other things, employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R.365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102. OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." *Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.301(d). The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.304(c).

To establish Board jurisdiction over a restoration claim as a partially recovered employee, the appellant must make nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was "arbitrary and capricious." *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal by a preponderance of the evidence. *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4). As the administrative

judge correctly found, it is undisputed that the appellant satisfies the first two criteria.[4]  ID at 7.

On review, the appellant challenges the administrative judge's determination that the Board lacks jurisdiction over her appeal.  PFR File, Tab 2 at 5-6.  Specifically, she argues that the agency violated her restoration rights by "not properly reinstat[ing] [her] into a position within her medical restrictions." *Id.* at 5.  We are not persuaded.  A partially recovered employee may not appeal the details or circumstances of her restoration; she may appeal to the Board only for a determination of whether the agency acted arbitrarily and capriciously in denying restoration.  *Kingsley*, 123 M.S.P.R. 365, ¶ 13.  Nevertheless, under certain circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction.  For example, a claim that restoration effectively was denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored.  *Id.*

Here, the appellant accepted a modified assignment as an SSA in 2016.  IAF, Tab 1 at 6, Tab 5 at 5-6, Tab 6 at 13.  The administrative judge found that the appellant offered no evidence or argument to establish that this job offer was not in compliance with her physical limitations.  ID at 9-10.  The appellant also conceded below that in the SSA position "[she] had been working safely, on a desk in an office for about the last five years, and, were [sic] [she] could perform her assigned duties within her medical restriction."  IAF, Tab 4 at 4.  Thus, we agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that the offer was so unreasonable as to amount to a denial of restoration within the Board's jurisdiction.  ID at 8.

---

[4] The administrative judge found that the appellant suffered compensable injuries in 2007 and 2012.  ID at 7.  He further found it undisputed that "the appellant recovered sufficiently to return to duty . . . and accepted the 2016 [SSA position] with restrictions effective January 30, 2016, and continued to perform the [SSA] duties from a desk until May 14, 2021."  ID at 7; IAF, Tab 5 at 5-6, Tab 6 at 13, 25, Tab 7 at 4-5.

The appellant also appears to allege on review that the agency has not allowed her to return to work after improperly reassigning her to a retail clerk position in May 2021.  PFR File, Tab 2 at 5-6.  The Board has found that an agency's rescission of a previously provided restoration or the discontinuation of a limited duty position may constitute an appealable denial of restoration.  *See Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 11 (2010).  The administrative judge found unavailing the appellant's argument that performing her tasks at the window, rather than at a desk inside an office, constituted a denial of restoration.  ID at 9.  He also found little evidence that her absence that started in May 2021 was related to an OWCP compensable injury.  ID at 10.  We agree.

A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund.  *Frye v. U.S. Postal Service,* 102 M.S.P.R. 695, ¶ 9 (2006).  The determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP. *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000).  The record below is devoid of evidence that the appellant's absence beginning in May 2021 was related to her right shoulder injuries.  IAF, Tab 6.  Instead, the record reflects that she submitted an FMLA request to the agency with supporting documentation from her medical providers detailing mental and physical restrictions which appear to be unrelated to her compensable injuries.  IAF, Tab 6 at 24, 26-31, Tab 7 at 11-15.  As the agency argued below, the medical evidence supports a finding that the appellant's absence is related to her FMLA request.  IAF, Tab 6 at 24, 26-31, Tab 7 at 5, 11-15.

Lastly, the appellant asserts that the administrative judge erred in denying her motion to compel discovery responses because "[he] was mistaken as the [a]gency's response to the propounded discovery was due by July 27, 2021 and not by not [sic] July 21, 2021."  PFR File, Tab 2 at 5-6.  However, she fails to identify any specific items that she was unable to obtain in discovery or how

those items would have enabled her to meet her jurisdictional burden of proof. *Id.*; *see* 5 C.F.R. § 1201.72(a). The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *Jones v. Department of Health and Human Services*, 119 M.S.P.R. 355, ¶ 18, *aff'd per curiam*, 544 F. App'x 976 (Fed. Cir, 2013). Consequently, the appellant has failed to establish that the administrative judge abused his discretion in denying her discovery motion.

Accordingly, we find that the administrative judge correctly found that the appellant was not entitled to a hearing and properly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.